IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLAUDE OWEN WILSON,           )
                              )
           Petitioner,        )
                              )
v.                            )    Civil Action No. 3:22-cv-61–HEH
                              )
WARDEN RICK WHITE,            )
                              )
           Respondent.        )

### MEMORANDUM OPINION
(Denying 28 U.S.C. § 2254 Petition)

Petitioner Claude Owen Wilson ("Petitioner"), a Virginia state prisoner proceeding *pro se*, brings this Petition for Writ of Habeas Corpus (the "§ 2254 Petition," ECF No. 15)[1] pursuant to 28 U.S.C. § 2254 challenging his conviction in the Circuit Court for James City County/Williamsburg (the "Circuit Court") for distribution of Schedule I or II substance. Respondent Warden Rick White ("Respondent") moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. For the reasons set forth below, the Motion to Dismiss (the "Motion," ECF No. 28) will be granted.[2]

---

[1] Petitioner originally filed his Petition (ECF No. 1) in the United States Court for the Western District of Virginia. After the case was transferred to this Court, Petitioner filed the standardized form for filing a § 2254 Petition (ECF No. 15).

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions.

## I. PROCEDURAL HISTORY

### A.  State Direct Appeal and Habeas

Following his conviction for distribution of a Schedule I or II controlled substance in the Circuit Court, Petitioner appealed to the Supreme Court of Virginia. On February 13, 2019, the Supreme Court of Virginia refused his petition for appeal. (Resp't's Br. in Supp., Ex. 1 at 66, ECF No. 30-1.)

Petitioner filed a state habeas petition with the Supreme Court of Virginia on October 26, 2017. (*Id.*, Ex. 3 at 1.) The Supreme Court of Virginia dismissed the petition on July 10, 2018. (Resp't's Br. in Supp. at 16.)

### B.  § 2254 Petition

On January 20, 2022, Petitioner mailed his initial federal petition for a writ of habeas corpus to the United States District Court for the Western District of Virginia.[3] Pet., Ex. 1 at 12, ECF No. 1.) The Western District subsequently transferred the matter to this Court. (Order, ECF No. 3.) Thereafter, this Court directed Petitioner to complete and return to this Court the standardized form for filing a 28 U.S.C. § 2254 petition. (Mem. Order, ECF No. 5.) The matter is currently proceeding on Petitioner's Amended § 2254 Petition (Am. Pet., ECF No. 15) wherein he asserts that he is entitled to relief on the following ground:

> Claim One  "Williamsburg City Circuit Court issued a capias for arrest without a lawfully convened grand jury returning an indictment in open court." (Am. Pet. at 5.)

---

[3] The Court deems the petition filed as of that date. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement of the Statute of Limitations

Petitioner's judgment became final for the purposes of the AEDPA on Tuesday, May 14, 2019, when the time for filing a petition for a writ of certiorari with the Supreme

3

Court of the United States expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1). Therefore, Petitioner had until May 14, 2020, to file his federal petition for a writ of habeas corpus with the federal court.[4] Because Petitioner did not file a federal petition for a writ of habeas corpus with a federal court until January 20, 2022, the action is barred by the statute of limitations.[5]

Petitioner contends that the statute of limitations does not bar his § 2254 Petition because he is raising a challenge to the subject matter jurisdiction of the Circuit Court and such challenges may be raised at any time. (Am. Pet. at 13–14.) Petitioner is wrong. "[A] challenge to the convicting court's jurisdiction is a due process claim and, 'as with any other habeas claim, . . . is subject to dismissal for untimeliness.'" *Warnick v. Harpe*, No. 22-5042, 2022 WL 16646708, at *2 (10th Cir. 2022) (quoting *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011)), *cert. denied*, 143 S. Ct. 2588 (2023); *Wells v. Harry*, No. 17–1476, 2017 WL 9248730, at *2 (6th Cir. 2017) ("There is no authority supporting [the petitioner's] argument that the AEDPA's statute of limitations does not apply where a petitioner asserts that the trial court lacked subject matter jurisdiction.").

---

[4] Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because his state petition for a writ of habeas corpus was dismissed before the federal statute of limitations commenced.

[5] Neither Petitioner nor the record suggest any circumstance that would entitle him to a belated commencement of the limitation period or an equitable exception to the statute of limitations.

Next, Petitioner contends that Respondent's Amended Rule 5 Answer is still deficient because Respondent failed to attach the transcripts necessary to evaluate his claim for habeas relief. (Obj. at 1, ECF No. 33.) As pertinent here, Rule 5 only requires Respondent to "attach to the answer parts of the transcript that the [R]espondent considers relevant." Rule 5(c), Rules Governing § 2254 Cases. Respondent correctly concluded that no transcript was relevant to resolution of Petitioner's § 2254 Petition because it was barred by the statute of limitations. Therefore, Respondent was not required to attach any transcripts to its Answer.

### III.   CONCLUSION

The Motion to Dismiss (ECF No. 28) will be granted. The Amended § 2254 Petition will be denied. The action will be dismissed. A certificate of appealability is denied.

An appropriate Order shall issue.

/s/

Henry E. Hudson
Senior United States District Judge

Date: Sept 29, 2023
Richmond, Virginia