## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

CLAUDE OWEN WILSON,               )
                                  )
                Petitioner,       )
                                  )
v.                                )        Civil Action No. 3:22-cv-61–HEH
                                  )        Civil Action No.
WARDEN RICK WHITE,                )
                                  )
                Respondent.       )

### <u>MEMORANDUM OPINION</u>
### (Dismissing Successive § 2254 Petition)

By Memorandum Opinion and Order entered on September 29, 2023, the Court

dismissed a 28 U.S.C. § 2254 Petition filed by Petitioner Claude Owen Wilson

("Petitioner") because it was barred by the relevant statute of limitations.  (ECF Nos. 34,

35.)  On November 27, 2023, Petitioner submitted a "MOTION TO VACATE / RULE

60(b)(4) / VOID JUDGEMENT" (the "Rule 60(b) Motion," ECF No. 45).  For the

reasons set forth below, the Rule 60(b) Motion will be dismissed as a successive,

unauthorized 28 U.S.C. § 2254 Petition.

The Antiterrorism and Effective Death Penalty Act of 1996 restricts the

jurisdiction of district courts to hear second or successive applications for federal habeas

corpus relief by prisoners attacking the validity of their convictions and sentences by

establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996)

(internal quotations omitted).  Specifically, "[b]efore a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). The Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2254 petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citations omitted).

In his Rule 60(b) Motion, Petitioner continues to attack his underlying conviction and sentence. Petitioner insists that the state court that convicted him "was without subject matter jurisdiction." (Rule 60(b) Mot. at 1.) Accordingly, the Court treats the Rule 60(b) Motion as a successive 28 U.S.C. § 2254 petition. The Court has not received authorization from the Fourth Circuit to file the present successive § 2254 petition/Rule

60(b) Motion. Therefore, the action will be dismissed without prejudice for want of jurisdiction. The Court will deny a certificate of appealability.

    An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: April 12, 2024
Richmond, VA

3