IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLAUDE OWEN WILSON,

    Petitioner,

v.                                  Civil Action No. 3:22-cv-61-HEH

WARDEN RICK WHITE,

    Respondent.

## MEMORANDUM OPINION
### (Denying Motion to Reconsider)

By Memorandum Opinion and Order entered on September 29, 2023, the Court dismissed a 28 U.S.C. § 2254 Petition filed by Claude Owen Wilson as barred by the relevant statute of limitations. (ECF Nos. 34, 35.) On November 27, 2023, Wilson submitted a "MOTION TO VACATE / RULE 60(b)(4) / VOID JUDGEMENT" ("Rule 60(b) Motion," ECF No. 45). On April 12, 2024, the Court dismissed the Rule 60(b) Motion as a successive, unauthorized 28 U.S.C. § 2254 Petition. (ECF Nos. 46, 47.) On May 6, 2024, Wilson filed a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 60(b) ("Motion to Reconsider," ECF No. 51.) For the reasons set forth below, the Motion to Reconsider will be denied.

In his Motion to Reconsider, Wilson contends that the Court should have tolled the limitation period under 28 U.S.C. § 2244(d)(2) for a variety of actions he filed in the Virginia courts. That provision provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). As explained below, Wilson fails to demonstrate that any of these filings tolled the limitation period.

The Court previously concluded that Wilson "had until May 14, 2020, to file his federal petition for a writ of habeas corpus with the federal court." *Wilson v. White*, No. 3:22-cv-61-HEH, 2023 WL 6447260, at *2 (E.D. Va. Sept. 29, 2023), *appeal dismissed*, No. 23-7134, 2024 WL 1616396 (4th Cir. Apr. 15, 2024). The actions described by Wilson in his Motion to Reconsider were filed after the federal limitation period had expired. (ECF No. 51, at 1–2.) Thus, they could not toll the limitation period.

The Court notes that Wilson asserts that he filed a petition for writ of habeas corpus in the Supreme Court of Virginia in March of 2020.[1] (ECF No. 51, at 1.) Initially, the Court notes that Wilson failed to list this petition, as he must, in his § 2254 Petition. (ECF No. 15, at 3–5.) Furthermore, Wilson admits that the Supreme Court of Virginia dismissed that petition as barred by the relevant state statute of limitations. (ECF No. 51, at 1.) A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."). Thus, the

---

[1] This Court's review of the Supreme Court of Virginia's online docket reflects that Wilson did not file this petition until June 25, 2020, after the federal limitation period already had expired. *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Supreme Court of Virginia" from drop-down menu; select "ACMS-SCV" button; select "Appellant/Petitioner" inquiry; select "Both" active and inactive case status; type "Wilson, Claude"; select "Search" button; select case number 200846).

2

petition for a writ of habeas corpus that Wilson allegedly filed with the Supreme Court in March of 2020 does not entitle Wilson to statutory tolling. Accordingly, Wilson fails to demonstrate that the Court made any error is dismissing his § 2254 Petition as untimely. The Motion to Reconsider (ECF No. 51) will be denied. The Court will deny a certificate of appealability.

      An appropriate Order will accompany this Memorandum Opinion.

                                              /s/
                                   Henry E. Hudson
                                   Senior United States District Judge

Date: Nov. 22, 2024
Richmond, Virginia